# IN THE MATTER OF RODNEY H. ROBERTS.
## (SUPREME COURT DISCIPLINARY No. 551)
### (363 SE2d 256)

PER CURIAM.

The State Bar of Georgia instituted disciplinary proceedings against Rodney H. Roberts alleging a violation of Standards 22 (b), 44 and 68 of Bar Rule 4-102. The complaint centers around his employment to collect a debt on a contingency fee arrangement. The complaint alleged he neglected the cause of his client, and advised his client he had filed suit when he had not. In effect he withdrew from representation without advising his client or returning his papers or property.

After a finding of probable cause by the Investigative Panel of the State Disciplinary Board, the Bar filed a formal complaint and Roberts acknowledged service. From this point no further response came from Roberts. Counsel for the Bar communicated by letter offering Roberts the opportunity to respond after default but still no communication came forth. Subsequently, the Special Master granted the State Bar's motion for findings of fact and conclusions of law by default and found that the failure to answer amounted to an admission of the allegations in the formal complaint. The Special Master's report contained no recommendation for disciplinary action, but he submitted the case to the Review Panel for the State Disciplinary Board for its recommendation.

The Review Panel took note of Roberts' failure to respond to the formal complaint and pointed out that during the initial investigation, Bar counsel gave Roberts two opportunities to respond informally to the charges. Roberts did not seize the opportunities.

The Court views a lawyer's duty to respond to pleadings in disciplinary proceedings as an important aspect of the lawyer's obligation to the profession. We do not take indifference to that obligation lightly. Bar Rule 4-112 (a) enunciates the lawyer's burden to answer disciplinary proceedings. The same rule provides the penalty is that ". . . the charges shall be deemed admitted." The failure to answer is a violation of Standard 68 and demonstrates a lack of regard for the system which regulates the profession. Because of this, the flagrant failure to answer may be considered an aggravation of the charge against the lawyer. The Review Panel indicated it did just this and recommends Roberts be suspended from the practice of law for six months and that he be instructed to notify his clients of his suspension and to take all action necessary to protect their interest as required by Bar Rule 4-219. We approve the recommendation of the Review Panel. We order that Rodney H. Roberts be suspended from the practice of law in Georgia for six months and that he notify his clients of his suspension and take all actions necessary to protect their interests. This order shall be effective fifteen days from the date of this opinion.

*Suspended. All the Justices concur.*

DECIDED JANUARY 6, 1988.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.