## IN THE MATTER OF RUTHA BRADLEY SLAUGHTER.
### (SUPREME COURT DISCIPLINARY NOS. 764, 767)
#### (405 SE2d 481)

PER CURIAM.

Because respondent Slaughter failed to respond to any of the proceedings against her, although she acknowledged service of all pertinent pleadings, the facts contained in the complaints were established by default. Rule 4-212 (a).

### Case No. 764

The Special Master found that respondent undertook to represent a client in a child custody proceeding in January 1989 and accepted partial payment of the fee for the representation. When respondent subsequently failed to respond to telephone calls from the client, the client notified respondent in writing that her employment was terminated, and requested the return of the fee minus an amount to pay for the initial consultation. Respondent did not return the client's telephone calls or money, or the documents entrusted to her by the client, and took no action in the custody case. The Special Master concluded that respondent violated Standard 22 by withdrawing from employment without taking reasonable steps to avoid prejudice to the client; Standard 23 by failing to refund any part of the unearned fee; Standard 44 by wilfully abandoning without just cause and to the det-

riment of her client a legal matter entrusted to her; and Standard 68 by failing to respond to this disciplinary proceeding. The Review Panel adopted the Special Master's findings and conclusions and recommended disbarment.

## Case No. 767

The Special Master found that a client employed respondent in July 1988 to handle a real estate closing, and that respondent retained $4,234 to satisfy a tax lien. However, respondent did not complete the transaction or record the deeds for nine months after the closing, and did not procure title insurance for the client although the client paid for the purchase of the insurance. The Special Master concluded that respondent violated Standard 44 by wilfully abandoning without just cause and to the detriment of her client the matter entrusted to her by her client, and violated Standard 68 by failing to respond to this disciplinary proceeding. The Review Panel adopted the findings and conclusions of the Special Master and recommended disbarment.

We adopt the recommendations of the Review Panel and hereby order that Rutha Bradley Slaughter be disbarred from the practice of law in the State of Georgia.

*All the Justices concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.