IN THE MATTER OF WALLACE W. ROGERS, JR. (two cases).
(SUPREME COURT DISCIPLINARY NOS. 963, 967)

S93Y0668. IN THE MATTER OF WALLACE W. ROGERS, JR.
(431 SE2d 366)

PER CURIAM.

Upon receipt of complaints from clients concerning Respondent's representation of them, the State Bar of Georgia initiated investigations which resulted in the filing of these disciplinary proceedings against Respondent. The grievances were filed by the clients in March, May, and September 1991, and Respondent failed in each case to respond to the request of the Office of General Counsel for a response. When the General Counsel sent a formal Notice of Investigation to Respondent in each case, he either failed to file a sworn written response (SCD 967) or filed an untimely response (SCD 963-sixty days late; S93Y0668-eight months late). As a result, the facts alleged in each case were established. Rule 4-212 (a), Rules and Regulations of the State Bar of Georgia.

*Case No. S93Y0668*

Respondent was retained in December 1990 to represent a criminal defendant. He did not respond to the client's letters or telephone calls concerning the status of the case, and did not respond to the client's letters discharging him and requesting him to withdraw from his representation of the client and to refund the unused portion of the fee paid in advance. The special master found that Respondent's conduct violated Standard 21 (failure to withdraw from employment upon discharge by client), Standard 23 (upon withdrawal, failure to refund promptly any part of a fee paid in advance that was not earned), Standard 44 (wilfully abandoning or disregarding a legal matter entrusted to him), and Standard 68 (failure to respond during the investigation of a complaint) of Bar Rule 4-102. In addition, the special master found that Respondent was suffering from depression during the time he represented the complainant, and expressed concern that Respondent exhibited signs of depression, resignation, and a defeatist attitude at the time of the disciplinary hearing in September 1992. The review panel has recommended that Respondent be suspended from the practice of law for one year; that Respondent be required to submit himself to the State Bar Committee on Lawyer Impairment for assessment and monitoring; that Respondent obtain psychological counseling; that he waive any right of confidentiality under Part VII of the Bar Rules so that the Office of General Counsel may have access to information provided to the impairment committee; and that reinstatement to the practice be conditioned upon repayment of $1,000 to the client and upon certification from the im-

pairment committee that he does not suffer from a disability that affects his practice of law.

## Supreme Court Disciplinary No. 963

Respondent was appointed to represent the complainant in a criminal matter in February 1991. He did not respond to telephone calls from his incarcerated client, or the letters and phone calls of the client's wife. Respondent contacted the client on April 30, 1991, and represented him in court on May 1 when he pled guilty and was ordered to pay restitution and attorney fees. The special master found that Respondent's conduct violated Standard 22 (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the client); and Standards 44 and 68. The review panel has recommended a public reprimand as the appropriate discipline for Respondent's conduct.

## Supreme Court Disciplinary No. 967

When Respondent failed to respond to any communication regarding the grievance filed in May 1991, the State Bar filed a formal complaint alleging a violation of Standard 68, and the special master found that Respondent's conduct violated the standard. The review panel has recommended that a public reprimand is the appropriate discipline for this conduct.

> The Court views a lawyer's duty to respond to pleadings in disciplinary proceedings as an important aspect of the lawyer's obligation to the profession. We do not take indifference to that obligation lightly. [*In the Matter of Rodney H. Roberts*, 257 Ga. 721, 722 (363 SE2d 256) (1988).]

A lawyer's duty to represent a client when entrusted with the client's legal matter is equally important, and breach of that duty cannot be taken lightly.[1] After reviewing the records of these cases, we conclude

---

[1] See *In the Matter of Rodney H. Roberts*, supra, where the Respondent was suspended for six months for violations of Standards 22, 44, and 68. See also *In the Matter of Rutha Bradley Slaughter*, 261 Ga. 433 (405 SE2d 481) (1991), where the Respondent was disbarred for violations of Standards 22, 23, 44, and 68 (involving two cases); *In the Matter of M. Michael Kendall*, 260 Ga. 767 (400 SE2d 13) (1991), where the Respondent was suspended for six months for violations of Standards 21, 44, and 68; *In the Matter of Wayne F. Carmichael*, 258 Ga. 209 (367 SE2d 549) (1988), where the Respondent was suspended for 90 days and ordered given a public reprimand for violations of Standards 44 and 68. Compare *In the Matter of B. Harris Baldwin*, 260 Ga. 74 (392 SE2d 532) (1990), where the Respondent was ordered given a public reprimand after the State Bar dismissed the allegation of a violation of Standard 44 and accepted the Respondent's petition for voluntary discipline in which he admitted a violation of Standard 68.

that Respondent should receive a public reprimand and be suspended from the practice of law for one year during which time he shall submit himself to the State Bar Committee on Lawyer Impairment for assessment and monitoring, and shall obtain psychological counseling. Respondent is further required to comply with Bar Rule 4-219 (c) by notifying each of his clients, within 30 days, of his inability to represent them and their need to obtain new counsel.[2]

As a prerequisite to reinstatement, Respondent must provide certification from the impairment committee that he does not suffer from a disability which affects his competence to practice law, as well as certification that Respondent has refunded $1,000 to the complainant in Case No. S93Y0668.

*All the Justices concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 26, 1993.

*William P. Smith III, General Counsel State Bar, Cynthia Hinrichs Acree, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[2] The opinion issued by this court in Case No. S93Y0668 on May 10, 1993, is hereby vacated.