S98Y1081. IN THE MATTER OF KEITH W. BENNING.
(508 SE2d 660)

PER CURIAM.

This disciplinary matter is before the Court on the State Bar's filing of a Notice of Discipline, issued by the Investigative Panel of the State Disciplinary Board, and Motion for Expedited Issuance of Order against Respondent Keith W. Benning for violating Standards 44 (wilfully abandoning or disregarding a legal matter entrusted to him to the detriment of his client without just cause) and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). On January 2, 1998, subsequent to Benning's failure to respond to a Notice of Investigation and the State Bar's filing of a Notice of Interim Suspension, this Court entered an order suspending Benning from the practice of law. See *In the Matter of Benning* (Case No. S98Y0420, decided January 2, 1998). The State Bar recommends an indefinite suspension of Benning from the practice of law conditioned on Benning's responding to disciplinary authorities regarding a grievance filed by a client, communicating with his clients concerning the status of their cases, surrendering his case files to his clients, if requested, and certifying in a sworn statement to the State Bar that he has taken appropriate steps to protect the interests of his clients. We adopt the State Bar's recommendation.

Benning was retained by a client in January 1994 to handle the probate of an estate. The client contacted Benning by mail and phone for a period of years asking for information on the progress of the case but failed to receive a satisfactory response and continued to leave phone messages for Benning until Benning's phone was disconnected in late 1996. On January 2, 1997, the client filed a grievance with the State Bar. The Investigative Panel's subsequent investigation yielded information from Benning's attorney, Benning's business landlord, and the U. S. Bankruptcy Court that Benning had abandoned his law practice; left his office equipment, furnishings, and cli-

---

[3] *Goodman v. Davis*, 249 Ga. 11, 13 (287 SE2d 26) (1982).

ent files in his office with rent due to the landlord; and filed a bankruptcy petition. After Benning failed to respond to a Notice of Investigation, which was served on Benning on July 28, 1997, a Notice of Interim Suspension was filed with this Court on December 9, 1997. Pursuant to Bar Rule 4-204.3, this Court suspended Benning from the practice of law in January 1998 for his failure to respond to disciplinary authorities.

In support of its recommendation that this Court order an indefinite suspension of Benning with conditions, the State Bar notes that although Benning, who was admitted to practice in Georgia in 1955, has no prior history of discipline, Benning has failed to answer inquiries from the State Bar during the informal screening of the client's grievance in addition to failing to respond to the Notice of Investigation.

We have reviewed the record and agree with the State Bar's recommendation that Benning be suspended from the practice of law in this state for an indefinite period. Benning may seek reinstatement upon presenting evidence that he has satisfied each of the following conditions: (1) Benning shall respond to disciplinary authorities regarding a grievance filed by a client regarding a probate matter; (2) Benning shall communicate with his clients concerning the status of their cases, and, if requested, surrender his case files to his clients; and (3) Benning shall certify in a sworn statement to the State Bar that he has taken appropriate steps to protect the interests of his clients.

Benning is reminded of his duties under Bar Rule 4-219 (c).

*Suspended indefinitely with reinstatement upon conditions. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.