S99Y0734. IN THE MATTER OF EDWARD THOMAS SMITH.
(520 SE2d 903)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Edward Thomas Smith alleging violations of Standards 44 (wilful abandonment or disregard of a legal matter to the client's detriment) and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). Upon Smith's failure to respond to the Notice of Discipline within the time set by Bar Rule 4-208.3, Smith was in default and subject to discipline by this Court.

The State Bar has recommended disbarment as an appropriate sanction for Smith's violations. We have reviewed the record and agree.

In the instant case, Smith was retained by a client in or about November 1996 to handle a personal injury claim on behalf of the client and her minor daughter. The client signed an attorney fee contract and gave Smith papers and property pertaining to her claim. After several attempts to reach Smith by telephone, the client spoke briefly with Smith in or about February 1997 and signed a form for the release of medical records for Smith. The client subsequently attempted to reach Smith at least weekly but he again did not return her calls. In or about April 1997, the client sent a letter to Smith via certified mail, return receipt requested, which was returned unclaimed. The client later learned that Smith had vacated his offices without leaving a forwarding address. As Smith failed to represent the client's interests or to return her property, the client subsequently hired another attorney and filed a grievance against Smith.

On August 18, 1998, Smith accepted service of a Notice of Investigation in the matter but failed to respond to the Notice, and on December 2, 1998, this Court suspended Smith pursuant to Bar Rule 4-204.3 for his failure to respond. Although the State Bar notes no other disciplinary infractions on Smith's part, this Court considers Smith's failure to respond to the Notice of Investigation and subsequent suspension as an aggravating factor.

We agree with the State Bar that disbarment is warranted as a result of Smith's violations of Standards 44 and 68 of Bar Rule 4-102 (d). Accordingly, Smith is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.