S00Y0399. IN THE MATTER OF RICHARD W. VOSS.

(525 SE2d 89)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for

Voluntary Discipline of the Respondent, Richard W. Voss. The State Bar and the special master appointed by this Court to conduct an investigation recommend that the Court accept Voss' Petition. Voss admits violating Standards 22 (withdrawal from employment in a proceeding before a tribunal without permission and without taking steps to avoid foreseeable prejudice to the rights of his client); 44 (wilful abandonment or disregard of a client's legal matter to the client's detriment); and 68 (failure to respond in accordance with the State Disciplinary Board rules to disciplinary authorities) of Bar Rule 4-102 (d) in connection with his representation of three clients in separate real estate, bankruptcy, and child support matters. In the real estate matter, Voss represented a client in a real estate closing and, as the loan assumption documents had not been received at the time of the closing, agreed to obtain the signature of the property purchaser upon arrival of the documents and to file the documents with the mortgage company. Voss failed to execute or file the documents as promised and when the purchaser was delinquent in making mortgage payments, the mortgage company demanded payment from Voss' client who was still listed as owner of the property. Voss admits that by his failure to properly follow through on the execution and filing of the loan assumption documents, he violated Standard 44 of Bar Rule 4-102 (d).

In the bankruptcy matter, Voss received $675 from a client for attorney and filing fees and filed a bankruptcy petition on behalf of the client. Voss and the client appeared on a scheduled hearing date for a meeting with creditors. However, the case could not be heard on that day and the hearing was not rescheduled. The bankruptcy court subsequently dismissed the client's case without prejudice for failure to attend a meeting of the creditors. Although the client telephoned Voss repeatedly from October 1996 through March 1997 to inquire about the status of her case, Voss did not return most of her calls, did not effectively communicate with her regarding the status of the case and did not withdraw from the case. The client subsequently filed a grievance against Voss and demanded a refund of Voss' attorney fees. Voss refunded $500 to the client. Voss admits that he failed to effectively communicate with the client regarding her case and did not withdraw from the case and the client's case was eventually dismissed by the bankruptcy court. By virtue of this conduct, Voss admits having violated Standards 22 and 44 of Bar Rule 4-102 (d).

In the third case, Voss agreed to file a child support modification on behalf of a client, but after the client provided Voss with the necessary documents, Voss failed to file the modification. Although the client called Voss repeatedly to check on the status of her case, Voss did not return most of the calls and when he did speak with the client, he assured her that he would file the modification immediately. How-

ever, Voss filed the modification only after the client filed a grievance against him. Voss admits that based on his failure to file the child support modification on behalf of the client prior to her filing a grievance, even though he assured her that he would handle the matter, he violated Standard 44 of Bar Rule 4-102 (d).

In all three matters, Voss admits that he failed to file a sworn written response to the Notices of Investigation with the Investigative Panel as required by Bar Rule 4-204.3 and thereby violated Standard 68 of Bar Rule 4-102 (d).

In his petition, filed pursuant to Bar Rule 4-227 (c), Voss requests that this Court impose a six-month suspension from the practice of law, but states that he will accept up to an 18-month suspension. We note that, although a violation of Standard 44 may be punished by disbarment, this Court considers the fact that Voss has exhibited a cooperative attitude towards the proceedings; made full and free disclosure to the State Disciplinary Board; suffered mental impairment during the period of the conduct in question; and expressed remorse for his conduct to be mitigating circumstances in this case. In aggravation and justification of an increase in the degree of discipline, we note Voss' multiple disciplinary offenses and failure to comply with the rules and orders of the disciplinary process.

We have reviewed the record and agree with the recommendation of the State Bar and the special master that we accept Voss' petition for voluntary discipline. Accordingly, for his violations of Standards 22, 44 and 68 of Bar Rule 4-102 (d), it is hereby ordered that Richard W. Voss is suspended from the practice of law in the State of Georgia for a period of 18 months from the date of this opinion. Voss is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.
*L. Stanford Cox III*, for Voss.