## S00Y0802. IN THE MATTER OF DOUGLAS HARRY PIKE.
(527 SE2d 852)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Douglas Harry Pike's Petition for Voluntary Discipline, filed pursu-

ant to Bar Rules 4-210 (d) and 4-227 (c), in which Pike admits violating Standards 22 (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of the client); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). Pike filed his petition in response to two formal complaints (State Disciplinary Board ("SDB") Docket Nos. 3657 and 3929) filed against him by the State Bar of Georgia, which complaints charged him with violating various standards of Bar Rule 4-102 (d). Pike defaulted in SDB Docket No. 3657 and was ordered disbarred by this Court on February 8, 1999. On motion for reconsideration, however, this Court set aside its disbarment order and suspended Pike indefinitely pursuant to reconsideration orders entered May 19, 1999 and June 11, 1999. This case was then remanded to the special master for an evidentiary hearing on the merits. Prior to the evidentiary hearing, however, Pike presented the instant petition for voluntary discipline. In SDB Docket No. 3929, Pike acknowledged service of the formal complaint, but in lieu of an answer presented this petition for voluntary discipline, as allowed by Bar Rule 4-212 (d). Pike's petition for voluntary discipline was submitted on the condition that it be construed to dispose of the charges in both disciplinary proceedings. Although a violation of Standard 44 is punishable by disbarment, Pike asks this Court to impose a one-year suspension effective January 1, 2000, with reinstatement upon the conditions set forth below, as an appropriate discipline. As noted by the State Bar in its response to Pike's petition, this Court has previously found a suspension with conditions to be an appropriate sanction where a lawyer has admitted violations of Standards 22, 44, and 68 in several consolidated disciplinary cases. See *In the Matter of Wittes*, 267 Ga. 52, 53 (472 SE2d 429) (1996). Both the State Bar and the special master recommend that this Court accept Pike's petition for voluntary discipline in which he makes the following admissions:

In SDB Docket No. 3657, Pike admits that he agreed to represent a client in litigation involving alleged construction defects to the client's home. He acknowledges that he failed to properly communicate with the client about developments in the litigation and did not properly and timely answer discovery. As a result, the trial judge dismissed the client's case. Pike further admits that he failed to answer a Notice of Investigation in this matter, despite acknowledging service. He agrees that his conduct in handling this client's case violated Standards 44 and 68 of Bar Rule 4-102 (d).

In SDB Docket No. 3929, Pike admits that he agreed to represent a married couple in a case arising out of an automobile accident in which the husband suffered serious injuries. He admits that he failed to properly communicate with his clients about developments

in their case and did not file suit, or complete other appropriate professional work required in the action. As a consequence, the clients discharged Pike and demanded surrender of their file. Pike acknowledges that he did not surrender the file to the clients until two months later and agrees that his conduct in handling this case violated Standards 22 and 44 of Bar Rule 4-102 (d).

In mitigation of his conduct in the above disciplinary matters, Pike states that he suffered from a mental impairment that affected both his judgment and ability to attend to his clients and to the legal matters entrusted to him. He states that he has sought and received professional medical help from a psychiatrist and points out that he has not practiced law in Georgia since February 8, 1999, when he was originally ordered disbarred by this Court. Pike also states that he has accepted responsibility for his conduct and expresses deep remorse for the effects his misconduct has had on his clients' cases.

We have reviewed the record and agree with the State Bar and the special master that Pike's petition should be accepted. Accordingly, Pike is suspended from the practice of law in this State for a period of one year beginning January 1, 2000, with reinstatement premised on the following conditions: Before reinstatement, and at least three months prior to the expiration of his disciplinary suspension, Pike shall (a) seek a determination from the State Bar Lawyer Assistance Program ("LAP") certifying that he is mentally fit to return to the practice of law; (b) provide any and all waivers of confidentiality required to allow LAP to provide information to the Office of the General Counsel of the State Bar concerning his condition, treatment and progress; and (c) obtain certification from LAP that, based on its review, he is mentally fit to return to the practice of law and provide said certification to the Office of the General Counsel of the State Bar. In addition, within six months of reinstatement, Pike must (d) initiate contact with an entity approved by the Law Practice Management Program; (e) pay for and submit to full assessment by that entity; (f) waive confidentiality so that the Office of General Counsel of the State Bar can confirm that he has undergone and paid for the assessment; (g) complete all requirements of the assessment; and (h) no later than three months following review of his practice by the Program, have the Program Director provide to the Office of General Counsel certification of compliance by Pike with any administrative and/or operational changes recommended.

Pike is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension effective January 1, 2000, with conditions for reinstatement. All the Justices concur.*

DECIDED MARCH 6, 2000.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Holland & Knight, Thomas B. Branch III,* for Pike.