S00Y1230. IN THE MATTER OF HERBERT ALAN ZOOTA.
(532 SE2d 107)

PER CURIAM.

The State Bar filed a Formal Complaint against Respondent Herbert Alan Zoota, alleging violations of Standards 44 (wilful abandonment or disregard of a legal matter to the client's detriment) and 68 (failure to respond to disciplinary authorities) of Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia. Due to Zoota's failure to respond to the complaint which had been properly served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), the facts alleged therein were deemed admitted by the special master pursuant to Bar Rule 4-212 (a). Based on Zoota's admissions by virtue of his failure to respond, the special master found Zoota had violated Standards 44 and 68, and recommended that Zoota be disbarred from the practice of law as an appropriate sanction. The special master filed his report directly with this Court pursuant to Bar Rule

4-217 (c) as neither party requested a review by the Review Panel. Accordingly, both parties are deemed to have waived any right they may have had under the rules to file exceptions with or make request for oral argument to this Court.

The facts as deemed admitted show that Zoota agreed in September 1997 to represent a client in regard to the client's efforts to domesticate and collect a Florida judgment. Zoota told the client that he would file pleadings to domesticate the Florida judgment and would take steps to collect it. Although the client paid Zoota in advance for his services and sent Zoota all the documents pertaining to the Florida judgment along with money for the filing fee, Zoota failed to pursue collection of the judgment as agreed. Further, beginning in November 1997, Zoota failed and refused to return weekly messages left by the client who sought a status report on his case. Zoota, who only returned one of the client's calls, informed the client in February 1998 that he was waiting on the judge to sign an order domesticating the judgment. When the client was subsequently unable to reach Zoota for a long period of time, the client sought help from the Consumer Assistance Program ("CAP") of the State Bar of Georgia in July 1998. After an attorney with CAP called Zoota and requested that he call his client, Zoota contacted the client and informed him that the statutory time had passed after domestication of the judgment and that he would call the client later after he had obtained certified copies from the clerk. Zoota, however, did not provide the client with certified copies of the judgment as promised and continued to fail to reply to the client's telephone calls. By letter dated October 26, 1998, the client directed Zoota to call and provide the client with a status report. Zoota never responded to this letter and failed to pursue collection of the judgment. In December 1998, the client wrote a letter directing Zoota to send him all paperwork and court documents. When Zoota again failed to reply the client filed the instant grievance against him with the State Bar of Georgia. The State Bar mailed a Notice of Investigation to Zoota who acknowledged service of the Notice but failed to respond to it within the time required under the Bar Rules. Based on this conduct, Zoota violated Standards 44 and 68.

While we agree with the special master that Standards 44 and 68 have been violated by respondent and that violation of Standard 44 is punishable by disbarment, we do not believe that disbarment is the appropriate level of discipline for the violation in this case. We note that we previously have suspended attorneys from the practice of law for a single violation of Standard 44 and a failure to respond to the disciplinary process. See *In re Benning*, 270 Ga. 135 (508 SE2d 660) (1998) (indefinite suspension until Benning, who had no prior disciplinary history, responds to disciplinary authorities); *In re Cole-*

*man*, 266 Ga. 652 (472 SE2d 841) (1996) (six-month suspension with conditional reinstatement); *In re Shearouse*, 264 Ga. 497 (448 SE2d 202) (1994) (one-year suspension with conditional reinstatement); *In re Carmichael*, 258 Ga. 209 (367 SE2d 549) (1988) (90-day suspension and public reprimand for violation of Standards 44 and 68). See also *In the Matter of Voss*, 272 Ga. 9 (525 SE2d 89) (2000) (18-month suspension for violation of Standards 22, 44, and 68); *In re Gardner*, 265 Ga. 482 (458 SE2d 355) (1995) (six-month suspension with conditional reinstatement for violation of Standards 22, 44, and 68); *In re Kendall*, 260 Ga. 767 (400 SE2d 13) (1991) (six-month suspension for violation of Standards 21, 44, and 68); *In re Roberts*, 257 Ga. 721 (363 SE2d 256) (1988) (six-month suspension for violation of Standards 22, 44, and 68). But see *In re Keeble*, 271 Ga. 623 (523 SE2d 563) (1999) (disbarred for violation of Standards 44 and 68, and disbarment rendered moot a second disciplinary action seeking an emergency suspension due to respondent's indictment on felony charges); *In re Smith*, 271 Ga. 432 (520 SE2d 903) (1999) (disbarred for violation of Standards 44 and 68); *In re Woodard*, 270 Ga. 891 (515 SE2d 147) (1999) (disbarred for violation of Standards 22, 44, and 68).

In light of respondent's lack of any prior disciplinary history, we deem it appropriate to suspend him from the practice of law for one year, with his reinstatement conditioned upon his reimbursement to the client of any fees paid to respondent for legal representation in this matter, his completion of the State Bar's Ethics School, and his receipt of a certificate from the Law Practice Management Program of the State Bar of Georgia.

*One-year suspension. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I cannot agree with the conclusion reached by the majority that the appropriate level of discipline in this case is a one-year suspension. In arriving at the appropriate sanction, I would employ the analysis set forth in *In re Smith*, 271 Ga. 432 (520 SE2d 903) (1999), applicable to an attorney who commits violations of Standards 44 and 68 of Bar Rule 4-102 (d). Because the allegations against Zoota reflect serious disciplinary infractions which support the sanction of disbarment, I would accept the special master's recommendation. Accordingly, I must respectfully dissent to the majority's imposition of the one-year suspension in this case.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JUNE 12, 2000.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.