S00Y1827. IN THE MATTER OF DOUGLAS E. SOONS.
(540 SE2d 614)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Soons violated Standards 22 (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable

---

[4] Id.

laws and rules); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). A violation of Standard 22 or 68 is punishable by public reprimand, while a violation of Standard 44 is punishable by disbarment. The State Bar has recommended disbarment as an appropriate sanction for Soons' violations of Standards 22, 44, and 68 of Bar Rule 4-102 (d) and we agree.

Here, a client retained Soons to represent him in the reinstatement of the client's peace officer's license. The client, in accordance with his agreement with Soons, began paying Soons' fee in installments but Soons failed to take timely action on the client's case thereby leading to the denial of the client's appeal. The client last spoke to Soons over three years ago. Soons has not responded to the client's telephone calls or returned the client's original documents (which are vital to the client's appeal). In fact, Soons appears to have moved from his office without notifying the client and Soons can no longer be reached at the address and phone number last provided to the State Bar of Georgia.

Based on these facts, the Investigative Panel determined that disbarment would be the appropriate disciplinary sanction for Soons, noting in aggravation that Soons failed to respond to a properly served Notice of Investigation, that Soons appears to have abandoned the practice of law, and that Soons has not kept his client or the State Bar informed of his whereabouts. The Investigative Panel noted that Soons had no prior disciplinary history although, in a non-disciplinary action, he was terminated from the practice of law by direction of the Board of Governors on February 15, 2000. Although Soons was properly served with the Notice of Discipline by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), he has not responded in any manner. Accordingly, for all of the reasons set forth above, we agree with the State Bar's recommendation and find that disbarment is the warranted sanction in this case and Soons is hereby disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.