### S01Y0187. IN THE MATTER OF HERBERT A. ZOOTA.
(543 SE2d 15)

PER CURIAM.

The State Bar filed a Formal Complaint against Respondent Herbert A. Zoota, alleging that Zoota violated Standards 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 22 (b) (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to the client, allowing time for employment of other counsel, and complying with applicable laws and rules); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia. Despite being personally served with that Complaint, Zoota failed to respond and the facts alleged were deemed admitted by the special master pursuant to Bar Rule 4-212 (a). Based on Zoota's admissions, by virtue of his failure to respond, the special master found that Zoota knowingly violated Standards 22 (b), 44 and 68 of Bar Rule 4-102 (d), and the special master recommended disbarment as the appropriate sanction. The special master filed his report and recommendation directly with this Court pursuant to Bar Rule 4-217 (c) as neither party requested a review by the Review Panel. Accordingly, both parties are deemed to have waived any right they may have had under the rules to file exceptions with or make request for oral argument to this Court.

The facts deemed admitted show that in April 1996, a client retained Zoota, who had been a member of the State Bar of Georgia since 1994, to represent her in a slip and fall claim against the owner of an apartment complex. The client signed a contingency fee agreement with Zoota. Although Zoota called the apartment owner's insurance carrier and obtained an offer to settle the client's claims for $1,000, the client rejected the offer. Thereafter, Zoota failed to take any further action on the client's case and failed to respond to her numerous telephone calls requesting information about the status of her case. In or about September 1999, however, Zoota called the client after she mailed him a letter seeking a status report. In that telephone call, Zoota told his client that he had given her file to another lawyer. He did not identify the other attorney, nor did he ask any other lawyer to assume responsibility for representing the client. As a result of Zoota's actions and omissions, his client has suffered needless worry and concern and has lost her right to file suit. We agree

with the special master that Zoota's conduct violated Standards 22 (b), 44 and 68.

Although the State Bar cited no aggravating circumstances and therefore the special master found none, it appears that in June 2000, this Court suspended Zoota for one year for similar behavior as to another client. See *In re Zoota*, 272 Ga. 496 (532 SE2d 107) (2000). Also, it appears that Zoota had been suspended on an interim basis since June 28, 1999 (see Case No. S99Y1304), *three months prior* to his last phone conversation with the grievant in this case. For all of these reasons, this Court finds that disbarment is the warranted sanction in this case. Accordingly, Zoota is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 5, 2001.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.