S01Y0713. IN THE MATTER OF M. KIRBY WOOD.
(543 SE2d 731)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Wood violated Standards 44 (wilful abandonment or disregard of a legal matter to the client's detriment) and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). A violation of Standard 44 may be punished by disbarment, while a violation of Standard 68 may be punished by public reprimand.

In April 2000, the State Bar filed a Formal Complaint against Wood, who has been a member of the Bar since 1986, and we appointed a special master to review the case. Wood acknowledged service of the Formal Complaint but failed to respond to it. Accordingly, acting at the request of the State Bar and pursuant to Bar Rule 4-212, the special master deemed the facts alleged and violations charged in the Formal Complaint to be admitted (by default), and recommended disbarment as the appropriate sanction. We agree.

In this case, an individual hired Wood in September 1994 to represent him in a personal injury claim arising out of an automobile collision. The client agreed to pay Wood a fee contingent on the amount of recovery, and in November 1996 Wood filed a lawsuit on behalf of the client in the State Court of Dougherty County. Thereafter, the client called Wood to check on the status of the case and although Wood promised to return the client's call, he did not do so. In or about May 1997, Wood told the client in response to inquiry that he intended to voluntarily dismiss the case, without prejudice, in order to do more research and that he intended to refile the case within six months as allowed by OCGA § 9-2-61. Although Wood never refiled the client's case, he repeatedly assured the client, in response to inquiries, that he had done so and that the case was pro-

gressing as it should. The client finally discovered the deception when he went to the clerk's office in December 1998 to determine the status of his case, but by then the client had lost his right to pursue his claims. When confronted by the client as to why the lawsuit had not been refiled, Wood blamed an associate in his office for the failure. The client terminated Wood's services in December 1998 and filed this grievance against Wood with the State Bar on March 16, 1999. The State Bar mailed a Notice of Investigation to Wood in May 1999 and although Wood acknowledged service thereof in June 1999, he failed to respond as required by Bar rules.

Considering these facts, we agree with the special master who found that Wood knowingly violated Standards 44 and 68. As aggravating circumstances, we note Wood's substantial experience in the practice of law. We find no factors in mitigation and therefore we find that the facts in this case support the imposition of a significant sanction for the violations shown herein. Accordingly, it is hereby ordered that Wood be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham, C. J., and Hunstein, J., who dissent.*

BENHAM, Chief Justice, dissenting.

I disagree with the imposition of the ultimate sanction of disbarment on the respondent for having violated Standards 44 and 68. I would follow the practice of this Court to suspend attorneys from the practice of law for a single violation of Standard 44 and a failure to respond to the disciplinary process. See *In re Voss*, 272 Ga. 9 (525 SE2d 89) (2000) (18-month suspension with conditional reinstatement); *In re Zoota*, 272 Ga. 496 (532 SE2d 107) (2000) (one-year suspension with conditional reinstatement), and the cases cited therein. Accordingly, I would suspend respondent from the practice of law for one year.

I am authorized to state that Justice Hunstein joins this dissent.

DECIDED MARCH 2, 2001 —
RECONSIDERATION DENIED APRIL 12, 2001.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.