S01Y0634. IN THE MATTER OF PAUL A. BRADLEY.
(552 SE2d 844)

PER CURIAM.

The State Bar filed a Notice of Discipline against Respondent Paul A. Bradley alleging violations of Standards 22 (lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice, allowing time for employment of other counsel, delivering all papers and property to which the client is entitled and complying with applicable laws and rules); 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disre-

gard a legal matter entrusted to him); and 68 (failure to respond to disciplinary authorities) of Bar Rule 4-102 (d). Although Bradley acknowledged service of the Notice of Investigation and was personally served with the Notice of Discipline, he failed to file a response to the Notice of Investigation as required by Bar Rule 4-204.3 or file a Notice of Rejection within the time set forth in Bar Rule 4-208.3 (a). Accordingly, under Bar Rule 4-208.1 (b), Bradley is in default, has no right to an evidentiary hearing, and is subject to discipline by this Court. The State Bar has recommended disbarment as the appropriate sanction in this case and we agree.

The facts as deemed admitted by Bradley's default show that in 1995, a client retained Bradley to represent a building company in a legal matter against the Housing Authority of the City of Augusta, and that Bradley filed suit on the company's behalf in Fulton County Superior Court. The suit was transferred to Richmond County in October 1995. In August 1999 the client discussed the status of the case with Bradley and from November 1999 through May 2000, the client made numerous attempts to contact Bradley, but Bradley failed to respond to any of the client's messages. Finally, the client sent Bradley a certified letter terminating his services and requesting the return of the file. The letter was returned as undeliverable and the private investigator the client hired could not locate Bradley. The client hired new counsel to represent the company in the lawsuit.

In requesting disbarment, the State Bar noted in aggravation of the level of discipline that Bradley failed to keep the State Bar membership department informed of his current address and telephone number as required by Bar Rule 1-207. We agree with the State Bar that disbarment is warranted as a result of Bradley's violations of Standards 22, 44, and 68 of Bar Rule 4-102 (d). Accordingly, Paul A. Bradley hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Benham and Carley, JJ., who dissent.*

BENHAM, Justice, dissenting.

I respectfully dissent to the imposition of the ultimate professional sanction of disbarment for Mr. Bradley's abandonment of a legal matter and the concomitant failure to return the client's file (Standards 22 and 44), and his failure to respond to disciplinary authorities (Standard 68). Previously, we have suspended attorneys from the practice of law for violating Standards 22, 44, and 68. See *In the Matter of Voss*, 272 Ga. 9 (525 SE2d 89) (2000) (18-month suspension); *In the Matter of Gardner*, 265 Ga. 482 (458 SE2d 355) (1995) (six-month suspension with conditional reinstatement); *In the Matter*

*of Roberts*, 257 Ga. 721 (363 SE2d 256) (1988) (six-month suspension). But see *In the Matter of Soons*, 273 Ga. 329 (540 SE2d 614) (2001), and *In the Matter of Woodard*, 270 Ga. 891 (515 SE2d 147) (1999), where the attorneys were disbarred for violating Standards 22, 44, and 68. I also question using "in aggravation of the level of discipline" (Maj. Op. at 245) Mr. Bradley's failure to keep the State Bar apprised of his current address. But see *In the Matter of Soons*, supra, 273 Ga. at 330.

Since this appears to be the first disciplinary proceeding brought against Mr. Bradley and the client, having retained another attorney, appears not to have suffered detrimentally, I would suspend Mr. Bradley from the practice of law for one year and condition his reinstatement to the practice on his completion of the State Bar's Ethics School and his receipt of a certificate from the State Bar's Law Practice Management Program.

I am authorized to state that Justice Carley joins this dissent.

DECIDED SEPTEMBER 17, 2001.

William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar, for State Bar of Georgia.

