## S01Y1738. IN THE MATTER OF DOUGLAS HARRY PIKE.
### (555 SE2d 731)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Pike violated Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (a) (a lawyer shall not withdraw from employment before a tribunal without its permission, if permission is required by the rules of that tribunal); 22 (b) (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to the client, allowing time for employment of other counsel, and complying with applicable laws and rules); 23 (lawyer who withdraws from employment shall promptly refund any part of fee paid in advance but yet unearned); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 45 (b) (a lawyer shall not knowingly make a false statement of law or fact); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). A violation of Standards 4, 44, and 45 (b) may be punished by disbarment, while a violation of Standards 22 (a) and (b), 23 and 68 may be punished by public reprimand. The State Bar also sought relief under the recidivist provisions of Bar Rule 4-103 (third or subsequent disciplinary infraction shall alone constitute discretionary grounds for suspension or disbarment). The special master has recommended disbarment as the appropriate sanction for Pike's instant violations of Bar Rule 4-102 (d) and we agree.

Here, the State Bar filed a Formal Complaint against Pike, who has been a member of the Bar since 1988. Despite being personally served with that Complaint, Pike failed to respond and the following facts were deemed admitted by the special master pursuant to Bar Rule 4-212: In January 1999, a client retained Pike to represent him in a divorce action paying Pike $2,100 as a deposit on attorney's fees; although subsequent attempts by the client to reach Pike over a two-week period were unsuccessful, eventually Pike, via his own voice mail, referred the client to another attorney with no explanation of Pike's inability to handle the case or the referral; the client contacted the attorney but did not retain his services, instead choosing to hire other representation; although Pike entered an appearance in the client's divorce case, he never did any work on the matter, abandoning or wilfully disregarding it to the client's detriment; Pike never sought or obtained permission from the court to withdraw as the client's counsel in the divorce action, despite the fact that permission was

necessary for withdrawal under the court's rules; thereafter, the client was unable to speak to Pike, despite repeated attempts, until December 1999 at which point Pike initially claimed to have earned the fees the client paid, but ultimately agreed to refund $1,000 of the fees paid in five monthly installments; and Pike paid only $400 to the client, failing to respond to the client's June 22, 2000 written demand for repayment of the remainder.

Considering these admitted facts, we find that Pike knowingly violated Standards 4, 22 (a), 22 (b), 23, 44, 45 (b) and 68. We note in aggravation, that this matter includes "multiple offenses" and that Pike has a prior disciplinary history: he was previously suspended for one year for violations arising out of grievances filed by two clients[1] and he was suspended indefinitely for his failure to respond to a notice of investigation in State Bar Docket No. 00207.[2] We find no factors in mitigation and therefore we find that the facts in this case support the imposition of a significant sanction for the violations shown herein. See Bar Rule 4-103. Accordingly, we agree with the State Bar's recommendation and find that disbarment is the warranted sanction in this case. Accordingly, Pike hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 30, 2001.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

[1] *In re Pike*, 272 Ga. 177 (527 SE2d 852) (2000) (State Bar Docket Nos. 3657 and 3929).
[2] *In re Pike*, S01Y0407 (Dec. 15, 2000).