### S02Y1652. IN THE MATTER OF PATRICK T. BEALL.
(576 SE2d 882)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of respondent Patrick T. Beall, issued at the direction of the Investigative Panel of the Disciplinary Board of the State Bar of Georgia. After unsuccessful attempts to serve Beall by mail and personally, the State Bar served him by publication in the Athens-Banner Herald on October 18 and October 25, 2002, in accordance with Bar Rule 4-203.1 (b) (3) (ii). Since Beall did not reject the Notice of Discipline within 30 days, he is in default and thereby admits the factual allegations of the Notice of Discipline, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). On January 4, 2002, this Court suspended Beall from the practice of law due to his failure to respond adequately to the Notice of Investigation, and that suspension remains in effect.

The facts asserted in the Notice of Discipline and deemed admitted by Beall's failure to reject the Notice of Discipline show that a client retained Beall in November 2000 to represent her in a divorce matter and paid him $1,700 in installments. At the time Beall agreed to represent the client, he was suspended from the practice of law by order of this Court due to his failure to respond to a Notice of Investigation sent to him in another disciplinary matter. See *In the Matter of Patrick Beall*, S01Y0073.[1] Beall never filed the client's divorce action, never returned any of his client's many telephone calls, and did not respond to letters she and her daughter wrote to check on the status of the case. In April 2001, the client sent Beall a certified letter terminating his services and requesting a refund of the fee paid and her file. Beall neither responded to the letter nor returned the file. After receiving a copy of the grievance the client subsequently filed with the State Bar, Beall refunded the fees paid by his client.

We have reviewed the record and conclude that the facts support a finding that Beall willfully abandoned or willfully disregarded a legal matter entrusted to him (Rule 1.3, Standard 44); failed to keep his client reasonably informed and to comply promptly with reason-

---

[1] That suspension was in effect from October 5, 2000 until it was lifted by order of this Court on December 28, 2000, after Beall had filed a response to the Notice of Investigation.

able requests for information (Rule 1.4); failed to surrender papers and property to the client upon termination of representation (Rule 1.16 (d)); did not take reasonable steps to avoid foreseeable prejudice to the client before ending representation (Standard 22 (b)); engaged in the unauthorized practice of law (Rule 5.5); and failed to respond to disciplinary authorities (Standard 68). While violation of Standards 22, 44, and 68 generally have resulted in periods of suspension (see, e.g., *In the Matter of Zoota*, 272 Ga. 496 (532 SE2d 107) (2000); *In the Matter of Pike*, 272 Ga. 177 (527 SE2d 852) (2000); *In the Matter of Rogers*, 263 Ga. 314 (431 SE2d 366) (1993), and the cases cited therein), we agree with the Investigative Panel that Beall should be disbarred from the practice of law. Over the past several years, Beall has been the subject of several disciplinary actions: as mentioned earlier, he was suspended October-December 2000 for failing to respond to a Notice of Investigation in another disciplinary action; that disciplinary action resulted in the imposition of a Review Panel Reprimand due to his violations of Standards 44 and 68; and the Review Panel Reprimand was preceded by a suspension from the practice of law for twice having failed to appear for the administration of the reprimand. See *In the Matter of Beall*, S01Y0924, Feb. 4, 2002. Beall was also suspended from the practice of law by order of this Court on January 4, 2002, for failing to respond adequately to another Notice of Investigation. See *In the Matter of Beall*, S02Y0531.[2] The history of repeated violations of the Rules of Professional Conduct and the demonstrated lack of regard for the disciplinary process lead us to conclude that removal of Patrick Beall from the practice of law in Georgia is appropriate. He is reminded of his duties under Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[2] In addition, there is a pending action in which there has been filed a Formal Complaint asserting that Beall represented a client at a time when he knew he was not in good standing with the State Bar due to his failure to pay his bar dues. That matter has been referred to a Special Master. See *In the Matter of Beall*, S02Y1877.