## S07Y1447. IN THE MATTER OF COATSEY ELLISON.

(651 SE2d 746)

PER CURIAM.

This matter is before the Court on the Review Panel report in which it recommends that Respondent Coatsey Ellison be disbarred for his violations of Rules 1.3, 1.4, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), arising out of three separate State Disciplinary Board docket numbers. Although the special master recommended that Ellison be suspended for two years with conditions for reinstatement, under the facts of these cases and Ellison's past disciplinary history, and after consideration of the State Bar's exceptions to the special master's report and the Review Panel's report, we agree that disbarment is the appropriate sanction.

The facts as found by the Review Panel show that in SDB docket # 4849 a client hired Ellison to represent her in a modification of child custody action in February 2002, which he did not file until May 2002. In July 2002 Ellison received discovery requests but failed to tell the client about them, even when he attended a mediation with her in August 2002. On September 26, 2002 the client received a letter from Ellison stating that it was his third request for her to complete discovery and that he would withdraw if she did not respond on that day. The client went to Ellison's office on that day and completed the discovery but, even though the responses already were late, Ellison did not serve them on opposing counsel until October 31, 2002. The case was tried in April 2003 and the court ordered the parties to submit any briefs within ten days. Ellison did not submit a brief (he stated this was because the briefs were optional) but told his client that he filed the brief. The trial court ruled against the client and in June 2003 Ellison told her he filed a notice of appeal on her behalf but his client states she did not know the trial court ruled against her until she reviewed her file at the courthouse in October 2003. Ellison did not return his client's calls and she terminated their relationship in October 2003. The client believed Ellison had perfected her appeal as she paid the costs of transmitting the record but in fact he had taken no further action and the Court of Appeals dismissed her appeal in January 2004. Ellison violated Rule 1.4 in this matter because although he communicated to his client that he filed a notice of appeal, *informing* her of that fact does not fulfill a lawyer's obligation of *explaining* to a client that her suit was unsuccessful and also explaining the status of her case.

In SDB docket # 4953, Ellison filed a Chapter 7 bankruptcy case on behalf of his clients on May 30, 2003. When the U. S. Trustee moved to dismiss the case, Ellison filed a motion to convert it to a Chapter 13 case and forged his clients' names on the verification, then notarized the forged signatures and attested to their authenticity.

Ellison filed a Chapter 13 plan but the U. S. Trustee objected to it and Ellison moved to re-convert the case back to a Chapter 7, again forging the clients' names without their authorization. The clients became so frustrated by their inability to reach Ellison that they informed the U. S. Trustee that he had forged their signatures. The clients retained other counsel who completed their Chapter 7 case and the U. S. Bankruptcy Court for the Northern District of Georgia suspended Ellison from filing any new cases for 180 days. We find that Ellison violated Rules 1.4 and 8.4 (a) (4) in this matter.

In SDB docket # 4954, a client hired Ellison on September 14, 1999 to represent her son in a medical malpractice case. The client moved several times during the representation, but always advised Ellison of her current contact information. He did not contact her during 2000 and although she traveled from Florida for an appointment with him, Ellison did not keep the appointment. In June 2001, Ellison finally filed the action against the hospital and the doctor but in August dismissed as against the hospital without obtaining his client's permission to do so, and Ellison did not serve the doctor until December 20, 2002, some 18 months after he filed the lawsuit. In January 2003, Ellison discovered that the doctor's insurance carrier became insolvent and sent a Proof of Claim form on his client's behalf to the liquidator without informing the client and which apparently was forged by Ellison or a member of his staff. The liquidator denied coverage but Ellison did not promptly inform his client of that fact. Without discussing it with his client or obtaining her permission, Ellison dismissed without prejudice her lawsuit. The insurance carrier valued the client's claim at $0 based on the dismissal of the lawsuit and the third party claims administrator wrote Ellison and told him that coverage was denied because the statute of limitations had expired on the claim. Ellison again did not promptly inform his client about the denial of her claim, but in April 2005 he finally met with her and told her she could not recover any damages on her claims; Ellison did not explain to his client the reasons she could not recover, including that he had dismissed her lawsuit. The client asked Ellison to provide her with a copy of her file, but he failed to do so and did not respond to her telephone calls or requests for information. In this case, Ellison's conduct violated Rules 1.3 and 1.4.

In determining the appropriate discipline we apply Bar Rule 4-103 because Ellison has received a Formal Letter of Admonition for violating Standard 32; an Investigative Panel reprimand for violating Standards 22 and 44; and a six-month suspension for violating Rules 1.3, 1.4 and 1.16 (d), see *In the Matter of Ellison*, 280 Ga. 303 (627 SE2d 25) (2006). We note in aggravation of discipline, in addition to the prior disciplinary offenses, a pattern of misconduct, submission of false statements during the disciplinary proceedings (the special

master found that Ellison attempted to misrepresent his actions and conversations with his clients in order to avoid sanctions and offered the false testimony of a former employee), refusal to acknowledge the wrongful nature of his conduct and the vulnerability of his victims. We find no mitigating factors. The fact of five disciplinary violations in these three matters is sufficient to justify disbarment, as is the application of Rule 4-103. This Court has held that a lawyer who willfully disregarded a case and had prior discipline concerning the same or similar conduct, as in this case, should be disbarred, see *In the Matter of Beall*, 276 Ga. 214 (576 SE2d 882) (2003). Accordingly, we order that the name of Coatsey Ellison be removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED NOVEMBER 5, 2007.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia. *Mack & Harris, Robert L. Mack, Jr.*, for Ellison.