S98Y0057. IN THE MATTER OF STEPHEN T. KENNEDY.
(493 SE2d 705)

PER CURIAM.

This disciplinary matter is before the court from a remand of an earlier case involving Respondent Stephen T. Kennedy in which the court ruled that certain allegations in the Formal Complaint against Kennedy were inappropriate because they had not been reviewed by the Investigative Panel of the State Disciplinary Board. See *In the Matter of Stephen T. Kennedy,* 266 Ga. 249 (466 SE2d 1) (1996) (*"Kennedy I"*). In *Kennedy I,* we provided for the institution of additional disciplinary proceedings on the allegations, and the State Bar accordingly filed a second Formal Complaint against Kennedy after a finding of probable cause by the Investigative Panel. The same special master was appointed in both cases. Kennedy has now filed a Petition for Voluntary Discipline pursuant to Bar Rule 4-227 (c) admitting to a violation of Standard 13 of Bar Rule 4-102 (d) (lawyer shall not compensate or reward a person or organization to recommend or secure employment by a client) and requesting an eight-month suspension. The State Bar has no objection to Kennedy's petition and the special master recommends acceptance. Kennedy has waived further review by the review panel pursuant to amended Bar Rule 4-217. Based on Kennedy's admissions, this Court agrees with the State Bar and the special master that the level of discipline requested in the petition is appropriate in this case. We hereby order Kennedy suspended from the practice of law in this state for a period

---

of eight months.

Kennedy's conduct came to light in an undercover investigation by the Enforcement Unit of the Office of the Commissioner of Insurance for the State of Georgia (the "Insurance Department") into certain questionable activities with respect to automobile insurance claims. The Insurance Department was assisted in its investigation by employees of the news department of a local television station. Employees of the Insurance Department and the television station and an Insurance Department informant, posing either as potential clients, or as an individual who receives compensation for recommending and securing clients for attorneys and medical providers, met with Kennedy to offer their services in obtaining clients or purporting to be accident victims seeking to hire Kennedy on the other party's recommendation. In two separate instances Kennedy paid an individual, who was not a bona fide lawyer referral service, a fee for recommending or securing his employment by a client.

We agree with the State Bar and the special master, and Kennedy admits, that his actions constituted a violation of Standard 13. We have reviewed the record and find that suspension is an appropriate sanction in this case. Accordingly, Kennedy is hereby suspended for a period of eight months from the date of this opinion.

Kennedy is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Eight months suspension. All the Justices concur.*

DECIDED DECEMBER 18, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*James E. Spence, Jr.,* for Kennedy.