S00Y1531. IN THE MATTER OF ROBERT A. FALANGA.
(533 SE2d 711)

PER CURIAM.

Respondent Robert A. Falanga filed a Petition for Voluntary Discipline admitting he violated Standard 12 (a lawyer shall not solicit professional employment as a private practitioner for himself, his partner or associate through direct personal contact with a non-lawyer who has not sought his advice regarding employment of a lawyer) of Bar Rule 4-102 (d) in order to resolve three pending disciplinary matters. He seeks the imposition of a public reprimand, and the State Bar recommends the Court accept Falanga's petition.

As part of his response to the State Bar's investigation of the cases, Falanga contended that his conduct was constitutionally protected free speech and, accordingly, he filed a lawsuit in the United States District Court for the Northern District of Georgia on August 24, 1995, challenging the constitutionality of the State Bar rules that prohibit solicitation of potential clients. The District Court found Standards 12, 16 and 17 (a) unconstitutional, but the Eleventh Circuit Court of Appeals reversed that decision on April 19, 1998,

---

[14] See *Western & A. R.R. v. Gray*, 172 Ga. 286 (157 SE 482) (1931); *Louisville & N. R.R. Co. v. Hames*, 135 Ga. 67 (68 SE 805) (1910).

*Falanga v. State Bar of Georgia*, 150 F3d 1333 (11th Cir. 1998), and the United States Supreme Court denied Falanga's petition for writ of certiorari. *Falanga v. State Bar of Georgia*, 526 U. S. 1087 (119 SC 1496, 143 LE2d 651) (1999). Falanga admits, as he did in his federal cases, that he obtained clients through mail and telephone solicitation and that such conduct violated Standard 12. He avers that he has accepted and honored the Eleventh Circuit's decision and has ceased engaging in any form of solicitation.

Although a violation of Standard 12 may be punished by disbarment, we have reviewed the record and agree with Falanga that the imposition of a public reprimand is appropriate and consistent with this Court's recent order in *In the Matter of Kottis*, Case No. S99Y1616 (decided April 28, 2000) (imposition of public reprimand for violation of Standard 12), particularly as Falanga has no prior disciplinary record and is willing to abide by the Eleventh Circuit's decision. Accordingly, it hereby is ordered that for his violation of Standard 12 of Bar Rule 4-102 (d), Respondent Robert A. Falanga be administered a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) by a judge of the superior court where Falanga resides or in the county where his disciplinary infraction occurred.

*Petition for voluntary discipline accepted. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

Standard 12 of State Bar Rule 4-102 (d) prohibits a lawyer from soliciting

> professional employment as a private practitioner for himself, his partner or associate, through direct personal contact with a nonlawyer who has not sought his advice regarding employment of a lawyer. A violation of this standard may be punished by disbarment.

Falanga admits he engaged in the uninvited and in-person solicitation of injured persons and grieving family members in need of legal services in violation of Standard 12 but argues in mitigation that he believed his conduct was constitutionally protected free speech. Because Falanga knowingly and wilfully engaged in conduct clearly proscribed by Standard 12, and the United States Supreme Court in both *Ohralik v. Ohio State Bar Assn.*, 436 U. S. 447 (98 SC 1912, 56 LE2d 444) (1978) and *Edenfield v. Fane*, 507 U. S. 761 (113 SC 1792, 123 LE2d 543) (1993), upheld a State's right to discipline a lawyer who engages in uninvited in-person solicitation of "unsophisticated, injured, or distressed lay persons," *Ohralik*, supra at 465, I

would disbar Falanga as authorized under Standard 12. See also Rules and Regulations for the Organization and Government of the State Bar of Georgia, Rules of Professional Conduct and Enforcement thereof, Part IV, Chapter 1, DR 4-102, Rule 7.3 (effective January 1, 2001) (also providing for maximum penalty of disbarment for direct solicitations by lawyers).

DECIDED JULY 10, 2000.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.