### S02Y1088. IN THE MATTER OF JOSEPH ANDREW MANISCALCO.
(564 SE2d 186)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Joseph Andrew Maniscalco's Petition for Voluntary Discipline filed subsequent to the State Bar's issuance of a Formal Complaint. In the petition, Maniscalco admits violating Standard 13 (a lawyer shall not compensate or give anything of value to a person or organization to recommend or secure his employment by a client, or as a reward for having made a recommendation resulting in his employment by a client; except that he may pay for public communications permitted by Standard 5 and the usual and reasonable fees or dues charged by a bona fide lawyer referral service operated by an organization authorized by law and qualified to do business in this state) of Bar Rule 4-102 (d) and requests the imposition of a 12-month suspension. Although a violation of Standard 13 is punishable by disbarment, the State Bar and the special master agree that a 12-month suspension

is appropriate in this matter.

Maniscalco admits that he entered into a business agreement with the operator of a business that referred clients to Maniscalco for a fee during the years 1997 and 1998. However, Maniscalco asserts that he was initially unaware that the operator was using "runners," i.e., individuals to recruit, recommend, or direct people to a given lawyer in return for a fee or other compensation from the lawyer; that he initially believed that the operator was an attorney and thus any fee sharing arrangement for referred clients would not be prohibited under the Bar Rules; and that when he discovered that the operator was not a lawyer, he refused to pay a percentage of his attorney fees to the operator but did agree to pay a marketing fee.

In mitigation of discipline, we note that Maniscalco, who was admitted to the practice of law in Georgia in 1989, ceased his relationship with the operator prior to this disciplinary investigation; has ceased engaging in the prohibited conduct; has cooperated fully in the disciplinary proceedings; and has no prior disciplinary record. We also agree with the special master's finding that no member of the public has been harmed by Maniscalco's actions and that a short term suspension or lesser discipline has been imposed in cases involving similar conduct. See *In the Matter of Falanga*, 272 Ga. 615 (533 SE2d 711) (2000); and *In the Matter of Kennedy*, 268 Ga. 751 (493 SE2d 705) (1997).

Based on the above facts, we agree with the State Bar and the special master that the imposition of a 12-month suspension is appropriate in Maniscalco's case. Accordingly, Maniscalco hereby is suspended from the practice of law in Georgia for a period of 12 months. He is reminded of his duties under Bar Rule 4-219 (c).

*Twelve-month suspension. All the Justices concur.*

DECIDED MAY 28, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Goodman McGuffey Aust & Lindsey, Joe D. Jackson*, for Maniscalco.