S02Y1212. IN THE MATTER OF WILLIAM Y. BARNES.

(573 SE2d 80)

PER CURIAM.

William Y. Barnes has petitioned this Court for a three-year suspension of his right to practice law in this State. Barnes admits that he paid a paralegal and the paralegal's business for the referral of cases and clients and thus violated Standards 13 and 26 of Bar Rule 4-102 (d). Standard 13 prohibits a lawyer from compensating a person or organization to recommend or secure employment by a client or as a reward for a recommendation. Standard 26 prohibits a lawyer or a law firm from sharing legal fees with a non-lawyer. The State Bar of Georgia does not oppose Barnes' petition, and the special master recommends accepting it.

We have reviewed the record and agree to accept Barnes' petition. Accordingly, William Y. Barnes is hereby suspended from the practice of law for a period of three years. Moreover, the following conditions are imposed upon his reinstatement to the Bar: (1) Barnes must provide certification to the Office of the General Counsel of the State Bar that he has passed the Multi-State Professional Responsibility Exam, for which he may sit no sooner than the end of the 33rd month after the effective date of his suspension; (2) Barnes must file that same certification with the State Disciplinary Board; and (3) Barnes must file any request for readmission, showing his satisfaction of all conditions, with the Review Panel of the State Disciplinary Board, which will review the record including the request and the State Bar's response and file a report and recommendation on the request with the Supreme Court, which will then issue a final ruling thereon.

Barnes is reminded of his duties and responsibilities under Bar Rule 4-219 (c).

*Three-year suspension. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I cannot agree with the conclusion reached by the majority that the appropriate level of discipline in this case is a three-year suspension. I believe Barnes' conduct in committing violations of Standards 13 and 26 mandates the sanction of disbarment. Barnes admits that he violated Standards 13 and 26 by compensating a non-lawyer organization, Professional Management, Inc., for referrals of per-

sonal injury clients. Because the allegations against Barnes reflect serious disciplinary infractions which support the sanction of disbarment, I would reject Barnes' petition for voluntary discipline. Accordingly, I must respectfully dissent to the majority's imposition of a three-year suspension in this case.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED NOVEMBER 25, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.
*C. Alan Nicholson*, for Barnes.