S03Y0326. IN THE MATTER OF WILLIAM N. ROBBINS.
(575 SE2d 501)

PER CURIAM.

This disciplinary matter is before the Court on the Report of the Review Panel of the State Disciplinary Board accepting and approving the Report of the Special Master and his recommendation that Respondent William N. Robbins be disbarred for his violation of Standard 13 (lawyer shall not compensate a person or organization to recommend or secure his employment by a client) of Bar Rule 4-102 (d). The State Bar filed a Formal Complaint against Robbins charging him with violating Standard 13, Robbins answered the complaint, and an evidentiary hearing was conducted, after which the special master issued his report and recommendation. Robbins requested a Review Panel review and, after considering the record, including audiotapes, the Review Panel agreed with the special master that the facts herein justify disbarment.

Based on stipulations or clear and convincing evidence, the special master found that Robbins employed "John," who testified at the hearing but requested anonymity, to recruit "runners" that would refer personal injury clients to Robbins. Robbins gave John cash payments, which John delivered to the runners, and John then received 25 percent of any fee Robbins realized. The special master found that despite his protestations to the contrary, Robbins was aware that he was paying cash to John in exchange for the referral of clients. The special master discredited Robbins' assertions that he believed John

was an attorney whom he employed simply to review files and make recommendations. In that regard, the special master noted that Robbins failed to produce any reports prepared by John, did not put John's name on his letterhead, did not contact any prior employers, and did not confirm with the State Bar that John was a lawyer. Moreover, the special master found that Robbins paid the 25 percent fee to Professional Management, Inc., not to John personally, and that that should have been a "strong indication to any reasonable attorney" that John was not licensed to practice law.

A violation of Standard 13 may be punished by disbarment and we believe that that sanction is apposite in this case. In aggravation of discipline, we note Robbins' prior disciplinary offenses, which resulted in two review panel reprimands, a public reprimand, and an investigative panel reprimand. We find particularly significant that in its public reprimand the court warned Robbins that this was his second infraction and another could constitute grounds for disbarment, but Robbins nevertheless committed further infractions, the instant case being the third since the warning. We also note that Robbins had a selfish motive, engaged in a pattern of similar misconduct, was guilty of multiple unethical offenses prior to this one, made false statements during the disciplinary process, refused to acknowledge that his conduct was wrongful, and had 23 years' experience in the practice of law. The only mitigating factor in favor of Robbins is his reputation as a good attorney, as evidenced by three letters of recommendation.

Robbins filed exceptions to the Review Panel report citing cases in which similar conduct has been punished with lesser sanctions. See, e.g., *In the Matter of Maniscalco*, 275 Ga. 238 (564 SE2d 186) (2002) (12-month suspension for violation of Standard 13).[1] In this connection, Robbins also raises this Court's concerns regarding inconsistent punishments, see *In the Matter of Erion*, 273 Ga. 103, 104 (538 SE2d 427) (2000) (Benham, C.J., Sears and Carley, JJ., dissenting), and urges the Court to impose no more than a one- or two-year suspension. But the totality of Robbins' conduct and his prior disciplinary offenses distinguishes this case from those in which lesser sanctions were imposed. Accordingly, the name of William N. Robbins is hereby removed from the rolls of attorneys licensed to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

---

[1] We note that, in that case, Maniscalco had no prior disciplinaries and, unlike this case, the special master apparently believed that Maniscalco did not know that the "operator" was not an attorney.

DECIDED JANUARY 13, 2003.

*William P. Smith III*, General Counsel State Bar, *E. Duane Cooper*, Assistant General Counsel State Bar, for State Bar of Georgia.
*Maloy & Jenkins, W. Bruce Maloy*, for Robbins.