S11Y0485. IN THE MATTER OF THOMAS C. SINOWSKI.
S11Y0486. IN THE MATTER OF STEVEN F. FREEDMAN.
(720 SE2d 597)

PER CURIAM.

These matters are before the Court on the Report and Recommendation of the Review Panel, which recommends that law partners Respondent Thomas C. Sinowski (State Bar No. 649126) and Respondent Steven F. Freedman (State Bar No. 275350) be disbarred for violating Standards 12 (lawyer shall not solicit professional employment through direct personal contact with a non-lawyer who has not sought his advice regarding employment of a lawyer), 13 (lawyer shall not compensate a person to recommend or secure employment by a client or as a reward for having made a recommendation resulting in employment by a client) and 26 (lawyer shall not share legal fees with a non-lawyer) of Bar Rule 4-102 (d), which apply in these cases as the conduct occurred prior to January 1, 2001.

These cases have been zealously litigated since 2002 and have involved extensive discovery and multiple evidentiary hearings. They arise out of Formal Complaints filed by the State Bar in which it charged Respondents with violating Standards 4, 12, 13 and 26. The State Bar alleged that in their practice Respondents utilized "runners" (non-lawyers who recruit, recommend or direct people to the services of a given lawyer in return for a fee or other compensation from the lawyer). Each of the Standards Respondents are alleged to have violated may be punished by disbarment. This Court rejected Respondents' petitions for voluntary discipline in which they sought public reprimands, see S08Y1436, S08Y1437 (January 26, 2009). The special master, Jonathan A. Pope, subsequently

entered an order granting the State Bar's motion for summary judgment as to Standards 12, 13 and 26, and the State Bar withdrew its claim regarding Standard 4. An evidentiary hearing was conducted concerning aggravating and mitigating circumstances after which the special master denied Respondents' motions to set aside and dismiss the charges as barred by the statute of limitations, a renewed motion to set aside judgment as to Standard 12 and a demand for a jury trial. The special master filed his report on May 4, 2010 and recommended a one-year suspension. Both parties filed exceptions and requests for Review Panel review, and the parties presented oral argument. The Review Panel filed its report on November 12, 2010 and recommended that Respondents be disbarred. The parties filed exceptions and responses in this Court, and oral argument was held on April 4, 2011. The parties subsequently filed supplemental briefs regarding the oral arguments.

The Review Panel adopted the special master's findings of fact, and Respondents' admissions, that from April 1995 through April 1999 they paid runners to secure clients for them and paid non-lawyers compensation for referrals. They kept a record of those payments in a "Runner Book." Although Respondents and the State Bar disagree on the amount and volume of the runner activity, Respondents admit to payments to 46 runners (the State Bar contends it was 54) of $276,025 (as opposed to the State Bar's assertion of $399,733) in 1,376 separate cases (versus the State Bar's assertions of 2,441 cases). Respondents stated that in 1996 they became aware of *Falanga v. State Bar of Ga.*, Case No. 1:95-CV-2160-GET in the U. S. District Court in which, in their view, Judge Tidwell legalized solicitation of clients, although Freedman acknowledged that the order applied only to Standard 12. They were approached by two chiropractors whom they agreed to pay to send them clients. Robert Gorgoglione, a non-lawyer, later handled the arrangements for Respondents. In August 1998 the Eleventh Circuit reversed Judge Tidwell in *Falanga v. State Bar of Ga.*, 150 F3d 1333 (11th Cir. 1998) and on April 26, 1999 the United States Supreme Court denied cert., see *Falanga v. State Bar of Ga.*, 526 U. S. 1087 (119 SC 1496, 143 LE2d 651) (1999). Although Freedman testified that they stopped taking cases from runners the day the United States Supreme Court denied cert. in *Falanga*, a long-time employee testified that they stopped taking cases on April 30, 1999 when federal agents searched their office pursuant to a warrant and seized the runner book, which fact Sinowski conceded. Respondents admit they shared fees with Gorgoglione and another non-lawyer who solicited cases for them. On May 31, 2000 Gorgoglione met with State Bar investigators (as part of a plea agreement to felony tax charges) and described Respondents' activities. On December 19, 2001 he signed an affidavit regarding

their activities. On January 11, 2002 the Investigative Panel initiated a Memorandum of Grievance against Respondents.

As Respondents admitted violating Standards 13 and 26, the Review Panel considered only whether they also violated Standard 12, which Respondents deny, claiming Standard 12 requires direct personal contact between the potential client and the lawyer or lawyer's employees, and the Review Panel then considered the appropriate sanction. Although the Review Panel found that Respondents violated Standard 12, we disagree and hold that there was no direct contact between Respondents and potential clients. Therefore, the issue for this Court to decide is the appropriate level of discipline for the Respondents' admitted violations of Standards 13 and 26. Respondents argued that even a one-year suspension is too severe based on the results in similar, unreported cases (such as dismissed grievances and confidential discipline). We agree with the Review Panel, however, that information about such cases was not admissible evidence and accordingly, may not be considered in these cases.

A review of reported cases concerning similar misconduct of solicitation, payment of runners and fee-splitting, and violation of the same Standards reveals a range of discipline from varying periods of suspension to disbarment, see *In the Matter of Robbins*, 276 Ga. 124 (575 SE2d 501) (2003) (disbarment; Standard 13); *In the Matter of Arp*, 273 Ga. 782 (546 SE2d 486) (2001) (surrender of license; Standard 13); *In the Matter of Barnes*, 275 Ga. 812 (573 SE2d 80) (2002) (three-year suspension with conditions for reinstatement; Standards 13 and 26); *In the Matter of Maniscalco*, 275 Ga. 238 (564 SE2d 186) (2002) (twelve-month suspension; Standard 13); and *In the Matter of Bruton*, 254 Ga. 466 (330 SE2d 595) (1985) (one-year suspension; Standards 4, 13 and 26). There are distinguishing factors in each of the cases: in *Robbins*, there was a history of prior discipline; in *Arp*, the respondent voluntarily surrendered his license and there is no discussion of aggravating or mitigating factors; in *Barnes*, the State Bar did not oppose the voluntary petition, the special master recommended accepting it, and there is no discussion of aggravating or mitigating factors; in *Maniscalco*, the State Bar and special master recommended accepting the voluntary petition; and in *Bruton*, the disciplinary board recommended the one-year suspension, and there was no discussion of aggravating or mitigating factors.

With respect to aggravating and mitigating factors, the Review Panel agreed with the special master that based on testimony at the hearing Respondents have performed their services as attorneys in an appropriate manner but, the Review Panel noted, only insofar as its relates to the specific clients who testified, and it disagreed with the special master that the evidence showed that Respondents help

people who do not have access to the civil justice system. The Review Panel also specifically rejected the special master's findings that Respondents were remorseful, that there was an unexplained delay in the disciplinary proceedings, and that there was evidence of similar conduct by Georgia lawyers who went unpunished or who received lesser discipline. The Review Panel found in mitigation that Respondents had no prior disciplinary history, but found in aggravation that they engaged in improper solicitations based on a selfish motive to obtain clients; the solicitations were part of an organized scheme that lasted for two and a half years; the multiple offenses involved significant funds paid to runners involving numerous cases; Respondents have not acknowledged the wrongful nature of their conduct and expressed no remorse; they have substantial experience in the practice of law; and they engaged in illegal conduct as defined by OCGA § 33-24-53 (a).

We have considered the record, the arguments of the parties, the recommendations of the special master and the Review Panel, and the relevant law. We note that Respondents have admitted violating not only Standard 13, but also Standard 26, and we consider their offenses very serious. Although Respondents were not disciplined previously, their conduct was egregious — they cast a wide net covering more than 1,300 cases. Their scheme was highly organized and very lucrative; and it was not short lived. They were motivated by greed, and they are not remorseful. Accordingly, we conclude that disbarment is the appropriate sanction in these matters, see *Robbins*, supra (disbarment for violating Standard 13), and hereby order that the names Thomas C. Sinowski and Steven F. Freedman be removed from the rolls of attorneys licensed to practice law in the State of Georgia. They are reminded of their duties under Bar Rule 4-219 (c).

*Disbarred. Hunstein, C. J., Carley, P. J., Benham and Thompson, JJ., and Judge Kathlene F. Gosselin concur. Hines and Melton, JJ., dissent. Nahmias, J., disqualified.*

MELTON, Justice, dissenting.

Based on relevant precedent, I believe that a three-year suspension is the appropriate sanction in these matters. As a result, I must respectfully dissent.

When considering *In the Matter of Maniscalco*, 275 Ga. 238 (564 SE2d 186) (2002) (twelve-month suspension; Standard 13), this Court found in mitigation, among other things, that the respondent had no prior disciplinary history, had not harmed the public by his actions, and that short-term suspensions or lesser discipline had been imposed in similar cases. The same analysis is applicable to these cases; however, Respondents have admitted violating not only Standard 13, as in *Maniscalco*, but also Standard 26. Balancing

precedent with the seriousness of the offenses, a three-year suspension is the appropriate sanction in these matters, see *In the Matter of Barnes*, 275 Ga. 812 (573 SE2d 80) (2002) (three-year suspension with conditions for reinstatement; Standards 13 and 26).

I am authorized to state that Justice Hines joins in this dissent.

DECIDED NOVEMBER 30, 2011 —
RECONSIDERATION DENIED JANUARY 9, 2012.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewitt, Assistant General Counsel State Bar*, for State Bar of Georgia.