295 Ga. 179
FINAL COPY

S14Y0672. IN THE MATTER OF EDWARD R. MASHEK III.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, Griffin B. Bell III, who recommends that the Court accept the petition for voluntary discipline filed by Respondent Edward R. Mashek III (State Bar No. 475384) after the issuance of a Formal Complaint and that the Court impose, as requested, a Review Panel reprimand for Mashek's admitted violation of Rules 5.3 (a), 5.3 (b), and 7.3 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Although the maximum sanction for a violation of any of these rules is disbarment, the State Bar indicated in response to Mashek's petition that it believes a Review Panel reprimand would be sufficient to deter Mashek from committing any future violations and to inform the public that such violations carry disciplinary consequences.

The special master based his findings of fact on admissions made by Mashek in his petition for voluntary discipline, which shows that he has been a member of the State Bar since 2000 and has no prior disciplinary history. For

approximately seven years, Mashek has run a solo practice representing personal injury litigants. He admits that medical providers have been a primary source of referrals to his firm, in that they would alert his office that a person receiving treatment or contemplating medical treatment was also seeking legal counsel. At that point someone employed by Mashek's firm would directly contact the potential client. It was standard practice for Mashek's firm to send a "sign up person" to meet with the patient, discuss legal representation, and get the engagement-related paperwork filled out. During the time at issue in this matter, Mashek employed several paralegals who often communicated directly with clients and potential clients. Further, Mashek's clients and cases were tracked, in part, using a computerized case management system. Southern Healthcare Associates ("SHA") was a medical provider that referred patients to various lawyers, including Mashek. SHA made these referrals because legal representation was a crucial tool in getting its bills paid. Mashek asserts that he never paid SHA or anyone else to solicit or refer clients to his firm and that he had no knowledge, prior to this matter, that SHA improperly solicited patients for these legal referrals. The State Bar has not shown otherwise.

On October 7, 2011, a man was involved in an automobile accident and

2

within a few days spoke with friends about possible referrals to medical providers, but not to legal counsel. On October 14, a representative from Mashek's office contacted the man by telephone and solicited him for both legal representation and medical care. A "sign up person" from Mashek's office met with the man later that day, and the man signed paperwork hiring Mashek to represent him. The Bar contends that Mashek's representative referred the man to SHA during that meeting, while Mashek contends that his representative contacted the man only after someone from SHA contacted Mashek's office to refer the man to his practice. Noting that it was unclear how the man's accident case was "run" to either SHA or Mashek, the special master found that no clear and convincing evidence existed that Mashek actually knew that the case was improperly solicited. Nevertheless, the special master condemned Mashek's behavior, noting that he likely should have known that the man's case was suspect and that he initiated a system in his office through which his representatives contacted potential clients based on no more than tips from a medical provider and without knowing anything about how the client originated. Based on these facts, the special master accepted Mashek's admission that he violated Rules 5.3 (a), 5.3 (b), and 7.3 (d).

3

The special master found no factors in aggravation and found in mitigation that Mashek has no prior disciplinary history, that he has been forthcoming and cooperative in these proceedings, and that he has shown remorse. Under the circumstances of this case, the special master concluded that a Review Panel reprimand, as requested in Mashek's petition, would be the appropriate discipline. See In the Matter of Carter, 293 Ga. 896 (750 SE2d 366) (2013) (Review Panel reprimand for inexperienced lawyer who denied knowledge that employee was improperly soliciting clients), In the Matter of Falanga, 272 Ga. 615 (533 SE2 711) (2000) (public reprimand); compare In the Matters of Sinowski and Freedman, 290 Ga. 303 (720 SE2d 597) (2012) (disbarred where lawyers engaged in long-running "highly organized and lucrative scheme" involving numerous paid runners and other aggravating factors), In the Matter of Robbins, 276 Ga. 124 (575 SE2d 501) (2003) (lawyer disbarred where sharing fees with non-lawyer hired to find runners; prior disciplinary history and other aggravating factors).

Based on our review of the record, this Court agrees that a Review Panel Reprimand is the appropriate sanction, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Mashek receive

4

a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violation of Rules 5.3 (a), 5.3 (b), and 7.3 (d).

Petition for voluntary discipline accepted.  Review Panel reprimand. All the Justices concur.


Decided May 5, 2014.

Review Panel reprimand.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.

Warren R. Hinds, for Mashek.